COMMONWEALTH *vs.* MARINUCCI BROS. & CO., INC.

Norfolk. March 3, 1958. — April 10, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Motor Vehicle,* Weight.

The operation on a public way without a permit of a three-axle dump truck hauling construction materials was a violation of G. L. c. 90, § 19A, inserted by St. 1946, c. 397, § 1, as amended by St. 1952, c. 408, where the weight of the vehicle with its load was in excess of thirty tons, even though it was registered in this Commonwealth for a greater weight.

COMPLAINT, received and sworn to in the District Court of East Norfolk on November 14, 1956, for operation of a vehicle of excess weight on Willard Street, a public way in Quincy.

On appeal to the Superior Court, the case was heard by *Donahue,* J., without a jury.

*James F. Sullivan,* for the defendant.

*Edward H. Libertine,* Assistant District Attorney, (*Myron N. Lane,* District Attorney, with him,) for the Commonwealth.

COUNIHAN, J. This case arises out of a criminal complaint for violation on July 12, 1956, of G. L. (Ter. Ed.) c. 90, § 19A, inserted by St. 1946, c. 397, § 1, as amended by St. 1952, c. 408.[1] So far as material this statute reads, "Notwithstanding the foregoing provisions of this section, nor any contrary provision of section thirty of chapter eighty-five . . . a construction type semi-trailer unit or motor vehicle having three axles . . . which vehicle with its load weighs not more than thirty tons, may travel on a public way while engaged in hauling construction materials . . . without a permit as required by said section thirty of chapter eighty-five . . . and provided, further, that the vehicle is duly registered in this commonwealth for such weight."

The 1956 registration certificate for this Sterling-White three-axle dump truck shows that its registered weight was 70,000 pounds. When stopped by an inspector of the registry of motor vehicles the truck was engaged in hauling materials to be used in the construction of the Southeast Expressway. No permit had been obtained to carry a load in excess of 60,000 pounds including the weight of the truck. When the truck and its contents were weighed by the inspector it was found to weigh 79,280 pounds.

At a trial before a judge without jury in the Superior Court, the defendant was found guilty and a fine of $190 was imposed. G. L. (Ter. Ed.) c. 90, § 20, as amended by St. 1951, c. 567.[2]

The case comes here upon an exception to the denial by the judge of a motion for a directed verdict for the defendant as to any excess weight of the truck and its contents between 60,000 and 70,000 pounds.

---

[1] See now St. 1956, c. 389, § 2, approved May 22, 1956, effective ninety days thereafter, so not in force at the time of the alleged violation.

[2] General Laws (Ter. Ed.) c. 90, § 20, as amended, reads in part: ". . . by a fine of not less than ten dollars for each one thousand pounds of weight by which the gross weight of such vehicle as operated exceeds either that permitted by said section nineteen A or the gross weight for which such vehicle is registered ; . . ."

The defendant contends that because the vehicle was registered in this Commonwealth for 70,000 pounds the defendant could only be found guilty of operating a vehicle with a total weight in excess of 70,000 pounds.

We do not agree. The statute in question makes no such provision. It only provides that the vehicle and its contents may not exceed 60,000 pounds to allow it to be operated without a permit with the qualification that in any event it must not exceed the total weight for which it is registered. The statute does not provide that such a vehicle and its contents may be operated without a permit to the capacity of its registered weight.

We think that the proviso with reference to the total weight was meant to apply to a situation, for example, where the vehicle was registered for a total capacity of 50,000 pounds and when apprehended its total capacity was 60,000 pounds. In such circumstances we believe that would constitute a violation of c. 90, § 19A.

*Exceptions overruled.*